**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 2:26-cv-14128-GAYLES**

JEFFREY MALLON,

        **Plaintiff,**

v.

PETE, *et al.*,

        **Defendants**.

_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** comes before the Court *sua sponte*. On April 23, 2026, the Court ordered *pro se* Plaintiff Jeffrey Mallon to pay the Clerk's filing fee of $405 or, in the alternative, to file a motion for leave to proceed *in forma pauperis* ("IFP") with a supporting financial affidavit. *See* [ECF No. 5]. The Court gave Plaintiff until May 14, 2026 to take one of those actions. *See id.* That deadline has now passed, and Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed IFP.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). Under that authority, the court "may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order." *Id.*; *see also McNair v. Johnson*, 143 F.4th 1301, 1306–08 (11th Cir. 2025) (affirming inherent-authority dismissal of *pro se* plaintiff's civil rights lawsuit based on failure to disclose his full litigation history); *cf.* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it."). This principle applies with full force to *pro se* plaintiffs. *See*

*McNair*, 143 F.4th at 1306–08; *cf. Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989) (affirming dismissal of *pro se*, IFP plaintiff's "damage suit" for "failure to pay costs assessed as a penalty for unreasonable refusal to obey a discovery order").

The principle also clearly encompasses a litigant's failure to comply with a court order to pay the filing fee or file an IFP motion. *See Castro v. Dir., FDIC*, 449 F. App'x 786, 788 (11th Cir. 2011) (concluding the "district court did not abuse its discretion in dismissing" *pro se* prisoner's complaint without prejudice for failure "to pay a filing fee or file a request to proceed IFP under" local rules); *Livingston v. Jones*, No. 17-CIV-23262, 2018 WL 10229907, at *1 (S.D. Fla. Jan. 4, 2018), *R.&R. adopted*, No. 17-CV-23262, 2018 WL 10229911 (S.D. Fla. Jan. 30, 2018) (dismissing *pro se* prisoner's petition without prejudice for failure to pay the filing fee or submit an IFP motion despite being warned that failure to do so could result in dismissal); *cf. Richards v. United States*, 408 F.2d 802, 803 (5th Cir. 1969) (dismissing appeal "for lack of prosecution" after appellant "failed to pay the docketing fee" or "request leave to appeal in forma pauperis" even though the court informed him "of his right to do so" and notified him "of the consequences of his failure to act"). "Whether to dismiss a complaint for failure to comply with an order of the court is a matter committed to the district court's discretion." *See Equity Lifestyle*, 556 F.3d at 1240 n.14. "A district court need not tolerate defiance of reasonable orders." *Id.* at 1241.

The Court warned Plaintiff in its April 23 Order that "failure to comply . . . will result in dismissal of the Complaint without prejudice for failure to prosecute and failure to comply with court orders." [ECF No. 5 at 3]. That Order was reasonable, and Plaintiff failed to timely comply with it. Accordingly, it is **ORDERED AND ADJUDGED**:

1.  This case is **DISMISSED WITHOUT PREJUDICE** pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute and failure to comply with the Court's April 23 Order. *See Equity Lifestyle*, 556 F.3d at 1241.

2.  The Clerks is **DIRECTED** to mail a copy of this Order to Plaintiff at his current prison: Lake Correctional Institution, 19225 U.S. Highway 27, Clermont, Florida 34715-9025. *See Offender Search*, Fla. Dep't of Corr., https://pubapps.fdc.myflorida.com/offenderSearch /detail.aspx?Page=Detail&DCNumber=167223&TypeSearch=AI (last visited May 20, 2026) (showing an inmate matching Plaintiff's name and DC number is currently confine to Lake C.I.).

3.  The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 20th day of May, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**

cc:

**Jeffrey Mallon**
167223
Lake Correctional Institution
Inmate Mail/Parcels
19225 U.S. Highway 27
Clermont, Florida 34715-9025
*PRO SE*